Filed 9/30/13  P. v. Steckstor CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056070 |
| v. | (Super.Ct.No. BAF005687) |
| JOHN RAYMOND STECKSTOR, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Elisabeth Sichel, Judge.

Affirmed with directions.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and

Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Ronald A.

Jakob, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted defendant, John Steckstor, of two counts of committing lewd and

lascivious acts on a minor (Pen. Code, § 288, subd. (a)).  He was sentenced to prison for

1

five years and appeals, claiming the trial court erroneously excluded evidence. We reject his contention and agree with the People that the trial court incorrectly calculated defendant's custody credits. Therefore, we affirm, while directing the trial court to correct this.

## FACTS

Between 2004 and 2006, defendant molested the victim, his minor cousin, at her family home and her grandmother's home.

## ISSUES AND DISCUSSION

1. *Exclusion of Evidence that Defendant's Girlfriend and Defendant had a Good Sex Life*

During trial, defense counsel sought permission to have defendant's 2006 girlfriend testify that she and defendant "had a good sex life[,]" "that he has a healthy [sexual] relationship with [her]."[1] His theory of admissibility was that this evidence showed a lack of motive on defendant's part to molest the victim. The prosecutor countered, arguing that it was irrelevant, in that the fact that one had a normal sex life with an adult partner did not preclude pedophilia, a proposition with which the trial court agreed, and ruled the evidence inadmissible.

Defendant now contends that the trial court erred in rejecting this evidence. In support, he cites only *McAlpin*, which he completely misreads. *McAlpin* held that the

---

[1] We quote from the record to demonstrate precisely what evidence defense counsel proposed to introduce. The effort of appellate counsel in his reply brief to morph this into a request to introduce evidence of "her opinion, based on her *observations of* [*defendant*] in [the victim's grandmother's] house, *that* [*defendant*'s] sexual proclivities were normal and he *was not sexually interested in children*" in order to fit the holding in *People v. McAlpin* (1991) 53 Cal.3d 1289 (*McAlpin*) (see fn. 2) is not appreciated.

2

opinion testimony of two women who were sexually involved with the defendant, charged with molesting a minor, that he was not a sexual deviant "based [on] their . . . assertedly normal personal sexual experiences with [him]" were inadmissible because it "was not based on personal observation of defendant's 'conduct with children[.]'"[2] (*McAlpin*, *supra*, 53 Cal.3d at pp. 1305, 1309.) *McAlpin*, therefore, supports the trial court's ruling.

Having concluded that the trial court did not err in excluding this evidence under the one case defendant now cites as authority for its admission, we necessarily reject defendant's contention that exclusion of this evidence denied him the opportunity to present a defense. (*People v. Thornton* (2007) 41 Cal.4th 391, 445; *People v. DeSantis* (1992) 2 Cal.4th 1198, 1249.)

2. *Presentence Custody Credits*

The People assert that the sentencing court erroneously calculated defendant's award of local conduct credits at 22 days, rather than the 21 to which he was actually entitled. Despite having filed a reply brief, defendant failed to respond to this assertion.

---

[2] In contrast, the Supreme Court held that the opinion of these same women that defendant was not a sexual deviant based on their observations of him interacting with their minor daughters was admissible as lay opinion evidence because it was based on their personal observations. (*McAlpin* at pp. 1305, 1309.)

The trial court will be ordered to reduce defendant's local conduct credits to 21 days.

### DISPOSITION

The trial court is directed to amend the minutes of the sentencing hearing and the abstract of judgment to show an award of 21 days of local conduct credits.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ_____
P. J.


We concur:

McKINSTER_____
J.

RICHLI_____
J.

4